**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JIMMY D. GILES**                                                                                       **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 4:05CV124LN**

**NESHOBA COUNTY FAIR ASSOCIATION,**
**Kenneth Breland, President**                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff, Jimmy D. Giles, has filed an application for authority to proceed *in forma pauperis* in the above styled case in which he seeks a Preliminary Injunction requiring the Neshoba County Fair Association to permit him to speak during the political speaking days of the Neshoba County Fair, July 27 and 28, 2005. After a review of the sworn financial affidavit filed with this court, it is the opinion of the undersigned Magistrate Judge that the Plaintiff is not indigent under the law. Giles has sworn that he is unemployed and receives no income. However, he acknowledges being supported by his Grandparents' retirement funds, he owns a trailer, and he drives a 2003 GMC pickup truck valued at $35,000.00, which is owned by his Mother. In reviewing the question of whether a party is actually indigent under the law, the court should consider, not just the income of the child, but also that of family members who support him. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Akkaraju v. Ashcroft*, No. 03C6447, 2003 WL 22232969 (N.D. Ill. Sept. 26, 2003); *Monti v. McKeon*, 600 F. Supp. 112 (D. Conn. 1984). Giles has acknowledged that his Grandparents, who support him, are able to pay the filing fee for this matter. The court also notes that, although Giles's Application states that he has not been employed since 1998, he has filed at least three cases since that time in which he has paid the filing fee. (*Giles v. McClendon, et al.;* Civil

Action No. 3:99cv210L; *Giles v. Neshoba County Fair Association*, 4:02cv298W; and *Giles v. State of Mississippi, et al.;* Civil Action No. 3:01cv118B)  For these reasons, it is the opinion of the undersigned that the Plaintiff should not be allowed to proceed *in forma pauperis*.

Section 28 U.S.C. §1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship?  *Startti v. United States* 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of the Plaintiff, the undersigned finds that he could pay filing costs without undue financial hardship.  Hence, it is the recommendation of the undersigned that his request to proceed *in forma pauperis* be denied and that he be given five days from the date of this report to pay filing fees.  The Plaintiff should be advised and warned that his failure to pay filing fees could result in the dismissal of his suit.

The Plaintiff is hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from challenging such findings and recommendations on appeal.  28 U.S.C. §636, *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 20th day of July, 2005.

                                                S/Alfred G. Nicols, Jr.
                                   UNITED STATES MAGISTRATE JUDGE